UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN N. DABISH,
        Plaintiff,         Civil Action No.: 14-13878
                                    Honorable Terrence G. Berg
v.                               Magistrate Judge Elizabeth A. Stafford

FATINA DABISH, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
TO REMAND, MOTIONS FOR DEFAULT JUDGMENT AND
EMERGENCY MOTION FOR SUMMARY JUDGMENT AND
ON DEFENDANT JPMORGAN CHASE'S MOTION TO DISMISS
[3, 5, 11, 12, 13, 14, 15, 20]**

**I.    INTRODUCTION**

    Plaintiff Marvin Dabish, proceeding *pro se*, filed the instant action in state court against his parents, Fatina and Nasseer Dabish (the "Dabish Defendants"), and JP Morgan Chase Bank, N.A. ("Chase"), the lender who acquired his parents' mortgage, over the foreclosure on property in which Plaintiff claims an interest.  One day after Plaintiff filed a motion for default against Chase in state court, Chase removed the action to this Court. Chase relies upon diversity jurisdiction despite Plaintiff's and the Dabish Defendants' Michigan citizenship; it argues that the Dabish Defendants were fraudulently joined as parties.  Chase subsequently moved to dismiss

Plaintiff's complaint, and Plaintiff moved to remand.  Plaintiff then moved for default judgments against all defendants and later moved for summary judgment on his claims.  For the reasons stated herein, the Court **RECOMMENDS**:

- **DENYING** Plaintiff's motion to remand **[5]**;
- **DISMISSING** the Dabish Defendants under Rule 21;
- **DENYING** Plaintiff's motions for default judgment **[11, 12, 13, 14, 15]**;
- **GRANTING** Chase's motion to dismiss **[3]**; and
- **DENYING** Plaintiff's motion for summary judgment **[20]**;.

## II.   BACKGROUND

The Dabish Defendants jointly granted a mortgage on property located in West Bloomfield, Michigan, ("the Property"), to Washington Mutual Bank ("WaMu"), which was recorded on April 12, 2006.  [3, Exs. A and B].  After WaMu later went into receivership, the FDIC assigned the mortgage on the Property to Chase.  [3, Ex. C].  The Dabish Defendants subsequently defaulted, so Chase foreclosed on the Property and secured a sheriff's deed that was recorded on April 9, 2013.  [3, Ex. D].  Chase granted the Dabish Defendants two extensions of the six-month redemption period, extending the time to redeem the Property to October 18, 2013.  [3,

Exs. E and F].

The Dabish Defendants did not redeem, and Chase initiated summary proceedings in state court for possession of the property, naming as defendants the Dabish Defendants and "all other occupants."[1] Chase indicates that those proceedings were initiated on December 5, 2013, and Plaintiff appears to concur with that date. [3, Pg ID 84; 16, Pg ID 267]. Afterwards, a warranty deed purporting to convey the Property from Fatina Dabish to Plaintiff on September 30, 2005, was recorded. [3, Ex. G]. The consideration for the warranty deed was allegedly one dollar.  If valid, the deed would mean that Plaintiff owned the property before the Dabish Defendants granted their mortgage to WaMu in 2006.  However, the validity of the warranty deed is highly questionable because, notwithstanding the representation that the deed was executed in 2005, the notarization of Fatina Dabish's signature was dated December 17, 2013, and the deed was recorded the same day.  The following day, Plaintiff appeared as a defendant in the state action, and asserted affirmative defenses and counterclaims to Chase's complaint. [3, Ex. G]. .

Chase's motion for summary dismissal of the counterclaims was granted, and those claims were dismissed with prejudice. [3, Ex. I]. The

---

[1] The defendants of the state action are found in the caption of the order dismissing Plaintiff's counterclaims. [3, Ex. I].

3

result of the underlying summary proceedings, however, is unclear. Plaintiff asserts that the proceedings were dismissed for lack of jurisdiction and for failure to join Plaintiff as a necessary party. [16, Pg ID 267-67]. Chase has not disputed this allegation.

On September 11, 2014, Plaintiff filed the instant action in state court seeking quiet title to the Property on a theory that the 2006 mortgage was recorded after WaMu had ceased to exist as an entity, and is therefore invalid and unenforceable. [1, Ex. A]. Plaintiff purported to serve Chase with the complaint and summons via certified mail on September 15, 2014, and he moved for default judgment in state court on October 6, 2014. [1, Ex. B, Pg ID 47-49]. The following day, Chase removed the case to this Court, alleging diversity jurisdiction and fraudulent joinder of the Dabish Defendants, and, a week later, moved to dismiss the complaint. Plaintiff has moved to remand the case, for default judgment against all defendants and for "emergency" summary judgment. This Court's recommendations pertaining to each of these motions is set forth below.

### III. ANALYSIS

#### A. Motion to Remand

The Court must first address the threshold issue of jurisdiction, which is called into question by Plaintiff's motion to remand. In order to remove a

case from state court on the basis of diversity jurisdiction, there must be complete diversity of citizenship between the parties, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. §1332(a). Plaintiff and the Dabish Defendants are both citizens of Michigan, so it would appear on the face of the complaint that diversity does not exist.

However, Chase argues that the Dabish Defendants were fraudulently joined as parties. Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). A defendant is fraudulently joined if it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . ." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citation omitted). The relevant inquiry is whether there is "a colorable basis for predicting that a plaintiff may recover against [a defendant]." *Coyne*, 183 F.3d at 493.

The removing party bears the burden of proving fraudulent joinder, and faces a significant hurdle in doing so. *Alexander*, 13 F.3d at 949 (citation omitted). The test for analyzing a complaint for fraudulent joinder is even more favorable to the plaintiff than the standard for ruling on a

5

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), although in the context of fraudulent joinder the Court may look beyond the pleadings to determine whether jurisdiction exists. *Walker v. Phillip Morris USA, Inc.*, 443 Fed. Appx. 946, 952-54 (6th Cir. 2011).

Chase argues that the Dabish Defendants are improper parties because Plaintiff does not make any allegations against or seek any relief from them, and because the Dabish Defendants could not give Plaintiff the relief he seeks (i.e. title to the Property) since they no longer have an interest in the Property. Plaintiff's thin argument is that the Dabish Defendants are proper defendants simply because they are signatories to the mortgage.

The Court finds that Chase has satisfied its burden of proving fraudulent joinder here. Plaintiff's complaint alleges no wrongdoing or fraud on the part of the Dabish Defendants, and he does not dispute that the Dabish Defendants no longer have any interest in the Property. Since Plaintiff has no colorable claim for recovery against the Dabish Defendants, the Court finds that they were fraudulently joined as parties to this action and should be dismissed. Fed. R. Civ. P 21 (a court may drop a party at any time "on just terms."); *Yuille v. Am. Home Mtg. Servs. Inc.*, 483 Fed. Appx. 132, 134 n.1 (6th Cir. 2012). Therefore, the matter is properly before

the Court on the basis of the diversity of citizenship of the remaining parties, 28 U.S.C. § 1332(a), and Plaintiff's motion for remand [5] should be denied.

### B.     Motions for Default Judgment

Plaintiff's motions for default judgment are premised on an alleged default entered in the state case prior to removal.  However, the state court docket shows that Plaintiff filed a motion for default, and Chase removed the case the following day; no default judgment was entered.  [1, Ex. B, Pg ID 49].  Therefore, Plaintiff's motion for default judgment against Chase [11] should be denied.  His motions for default judgment against the Dabish Defendants, [12, 13, 14, 15], should be denied as moot given the recommendation for their dismissal.

### C.     Motion to Dismiss/Motion for Summary Judgment

Chase moves to dismiss Plaintiff's complaint on grounds that his claims are barred by *res judicata* and collateral estoppel, that he lacks standing to bring claims related to the Property, and that he fails to state a claim upon which relief can be granted.  [3].  Plaintiff's Emergency Motion for Summary Judgment demands that the Court declare the WaMu mortgage null and void, cancel Chase's sheriff's deed and quiet title in his favor.  [20].  The Court finds that Plaintiff does not have an interest in the

Property, and that this action should be dismissed in Chase's favor.

In support of its argument that *res judicata* and collateral estoppel bar this action, Chase relies on a state court order that dismissed Plaintiff's counterclaims with prejudice. [See 3, Exs. 9 and 10]. However, Chase provides no evidence that a final judgment with prejudice was rendered. "A party may invoke the doctrine *res judicata* only when the previous decree is a *final* decision." *Kosiel v. Arrow Liquors Corp.*, 446 Mich. 374, 379-80 (1994)[2] (emphasis in original). Collateral estoppel likewise requires that the prior proceeding have resulted in a final judgment on the merits. *Bilali v. Gonzales*, 502 F.3d 470, 474 (6th Cir. 2007).

Here, the order dismissing the counterclaims was merely an interlocutory one, since it disposed of "fewer than all the claims or the rights and liabilities of fewer than all the parties" and did not terminate the action. Mich. Ct. Rule 2.604. Because Chase has not offered the Court any evidence of the outcome of the underlying summary proceedings, the Court cannot determine whether *res judicata* applies to Plaintiff's pending or proposed claims.

The Court is, however, persuaded by Chase's argument that Plaintiff

---

[2] Michigan law applies since its court issued the order that Chase claims has preclusive effect. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 817 (6th Cir. 2010).

8

possesses no interest in the Property. Mich. Comp. Laws § 600.3236 provides that, after the redemption period expires, the Sheriff's Deed "shall thereupon become operative, and shall vest in the grantee therein named . . . all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage…" The only caveat provided under the statute is that "no person having any valid subsisting lien upon the mortgaged premises, or any part thereof, created before the lien of such mortgage took effect, shall be prejudiced by any such sale . . . ." *Id.* In this case, Plaintiff does not claim to have had a lien on the Property or even a recorded warranty deed before the redemption period expired. By the time that he recorded the warranty deed, Chase had already acquired all right, title and interest in the Property pursuant to § 600.3236.

If Fatina Dabish really conveyed the warranty deed to Plaintiff in September of 2005, which is questionable, his failure to record the deed prior to the redemption period has legal consequences that he cannot now escape. Michigan law provides:

> Every conveyance of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded.

Mich. Comp. Laws § 565.29. Thus, "owners of interests in land can protect

9

their interests by properly recording those interests." *Lakeside Associates v. Toski Sands*, 131 Mich. App. 292, 298 (1983).

Plaintiff nonetheless argues that he "has resided on the property continuously, with his family, in possession, occupying it as a home" since September 2005.  [20, Pg ID 293].  He claims that his continuous occupancy gave WaMu constructive notice of his interest in the Property at the time of the mortgage.  Under Michigan law, constructive notice is defined by consideration of ordinary caution:

> When a person has knowledge of such facts as would lead any honest man, using ordinary caution, to make further inquiries concerning the possible rights of another in real estate, and fails to make them, he is chargeable with notice of what such inquiries and the exercise of ordinary caution would have disclosed.

*Church & Church Inc. v. A-1 Carpentry*, 281 Mich. App. 330, 346, 766 N.W.2d 30, 39 (2008) (quoting *Kastle v. Clemons*, 330 Mich. 28, 31 (1951)).  Here, the Dabish Defendants are Plaintiff's parents, so the fact that Plaintiff lived on the Property with his family would not have alerted WaMu or anyone else exercising ordinary caution that Plaintiff had an interest in the property that would have affected his parents' ability to grant WaMu a mortgage.   Furthermore, "mere occupancy of the premises could not be notice to the buyers of a claim of an interest in the property, when the occupant did not make any claim in the face of the property being sold."

10

*Christensen v. Christensen*, 126 Mich. App. 640, 645-46 (1983).

Notably, if Plaintiff had a valid interest in the Property, he had a right to redeem during the redemption period. Under Michigan law, the right of redemption applies to "any person that has a recorded interest in the property . . . ." Mich. Comp. Laws § 600.3240(1). By failing to record the warranty deed and redeem within the application redemption period, Plaintiff lost any right he may have had to bring his claim. *Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708, 714-15 (2014).

For these reasons, Chase's Motion to Dismiss should be granted, and Plaintiff's Motion for Summary Judgment should be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's motion to remand **[5]** , motions for default judgment **[11, 12, 13, 14, 15],** and motion for summary judgment **[20]** be **DENIED**, and Chase's motion to dismiss **[3]** be **GRANTED**.


Dated: March 31, 2015                             s/Elizabeth A. Stafford
Detroit, Michigan                                 ELIZABETH A. STAFFORD
                                                  United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

12

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
